UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TRAVELHOST NETWORKS, LLC,                     )
                                              )
            Plaintiff,                        )
                                              )
v.                                            )
                                              )        Case No. _____
SENTRY ENTERPRISES, INC.; JAMES               )
COPLAND, individually and d/b/a SENTRY        )
ENTERPRISES, INC.; CATHERINE                  )        JURY TRIAL DEMANDED
COPLAND, individually and d/b/a CAPITAL       )
PARTNERS GROUP, INC.; and CAPITAL             )
PARTNERS GROUP, INC.,                         )
                                              )
            Defendants.                       )

## COMPLAINT

Plaintiff Travelhost Networks, LLC, hereby complains of Defendants Sentry Enterprises, Inc.;

James Copland, individually and d/b/a Sentry Enterprises, Inc.; Catherine Copland, individually and

d/b/a Capital Partners Group, Inc.; and Capital Partners Group, Inc., as follows:

### I. NATURE OF THE CASE

1.      This case involves a distributor of Plaintiff's magazine in Arizona who is now misusing

Plaintiff's registered marks to promote his own business that competes with Plaintiff in violation of

the distribution agreement.

### II. PARTIES, JURISDICTION AND VENUE

2.      Plaintiff Travelhost Network, LLC is a limited liability company in good standing,

organized under the laws of the state of Texas, with its principal place of business in Irving, Texas.

3.      Defendant Sentry Enterprises, Inc., is purportedly a corporation organized under the

laws of the state of Arizona, with its principal place of business in Phoenix, Arizona.  Sentry may be

served by serving its president, James Copland, at 4600 E. Shea Blvd., Suite 208, Phoenix, Arizona, 85028, or wherever he may be found.

4.      Defendant James Copland is an individual citizen of the state of Arizona. He may be served at his residence, 3945 E. Desert Cove Ave., Phoenix, Arizona 85028, or wherever he may be found.

5.      Defendant Catherine Copland is an individual citizen of the state of Arizona. She may be served at her residence, 3945 E. Desert Cove Ave., Phoenix, Arizona 85028, or wherever she may be found.

6.      Defendant Capital Partners Group, Inc. is purportedly an Arizona corporation with its principal place of business in Phoenix, Arizona. It may be served by serving its registered agent and principal, Catherine Copland, 3945 E. Desert Cove Ave., Phoenix, Arizona 85028, or wherever she may be found.

7.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) in that the Complaint asserts claims of breach of the Federal Trademark Act, 15 U.S.C. § 1052 *et seq.* This case has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b).

8.      This Court has venue over this case pursuant to the Federal Trademark Act, 15 U.S.C. § 1052 *et seq.* and the parties' contract, which provides for exclusive venue in courts located in Dallas County, Texas.

### III. FACTUAL BACKGROUND

**A.      The Parties.**

9.      Travelhost is a travel magazine that is distributed to hotels nationwide. Plaintiff Travelhost Networks, LLC ("Travelhost") purchased the assets of Travelhost, Inc., in 2014.

Travelhost assumed all contracts of Travelhost, Inc., in connection with the purchase. Appendix, p 9.

10.     Pursuant to the asset sale, Travelhost owns two registered trademarks:

| Mark | Serial/Registration Number | Goods/Services |
|------|---------------------------|----------------|
| TRAVELHOST | 74078407/ 1650722 | travel services |
| TH logo | 73565376 / 1454642 | electronic services |
| TRAVELHOST drawing | 73569206/ 1540763 | advertising services |

Appendix, pp 1-9. Travelhost and its predecessor, Travelhost, Inc., and their licensees have used the trademark TRAVELHOST and the TH logo continuously since 1989 and the TRAVELHOST drawing since 1991. As a result of this long and continuous use, the mark TRAVELHOST is well known to consumers of travel magazines and vendors who regularly advertise in travel magazines.

11.     Travelhost's U.S. registrations identified in Paragraph No. 10 constitute constructive notice of its exclusive ownership of the trademark throughout the United States. *See* 15 U.S.C. § 1072. Registration Nos. 1650722, 1454642 and 1540763 have become incontestable under 15 U.S.C. § 1065 and are conclusive evidence of the validity of the marks, of the registration of the marks, of Travelhost's ownership of the marks and of Travelhost's exclusive right to use the mark in commerce throughout the United States.

12.     Travelhost enters into distributor agreements that require the distributors to buy a set amount of magazines each month in exchange for the right to sell a certain amount of local advertising and the ability to sell or distribute the Travelhost magazine, which uses Travelhost's registered trademarks. Through the distributor agreement, distributors are granted a license to use Travelhost's marks in connection with their efforts to sell advertising for Travelhost's magazine. Distributors also may enter into an optional supplemental agreement with Travelhost that allows them to sell national advertising space in the magazine as well.

13.     Defendants James Copland ("J. Copland") and Sentry Enterprises, Inc. ("Sentry"), entered into a distributor agreement and the optional supplemental agreement with Travelhost, Inc. in 2004.  These contracts were assumed by Travelhost in connection with its purchase of the assets of Travelhost, Inc.  True and correct copies of these contracts are provided in the Appendix at pp. 9-27.

14.     The distributor agreement contains the following relevant provision:

> This Agreement is made and entered into in Dallas, Texas, and shall be governed by and construed strictly in accordance with the laws of the State of Texas.  Venue over any disputes between the parties to this Agreement shall be solely and exclusively in Dallas, Texas, and any lawsuit between the parties to this Agreement shall be instituted and resolved solely and exclusively in a court of competent jurisdiction located in Dallas, Texas.

Appendix, p. 14.

15.     The distributor agreement also contains a noncompetition provision:

> Distributor agrees that it will not engage in a similar business or one competitive with Publisher within its Designated Area during the term of this Agreement or within two (2) years after termination of this Agreement.

Appendix, p. 13.  Defendants' Designated Area pursuant to the distributor agreement is the Phoenix, Arizona, metropolitan area, including the county of Maricopa.  *Id.* at 26-27.

16.     Defendants J. Copland and Sentry also acknowledge in the distributor agreement that Travelhost trademarks are valid and that they are merely given a license to use the trademarks in connection with activities directly related to the promotion of the Travelhost magazine.  Appendix, p. 13.  They also agree to use the marks solely in connection with their activities directly related and incident to the promotion and distribution of Travelhost's magazine, and that they will use the mark with the term "of Phoenix" following it at all times in connection with their activities on Travelhost's behalf.  *Id.*  Lastly, they warrant that they will not host or sponsor any internet web site that uses materials, advertisements or information that contains any reference to the TRAVELHOST trademark or TH logo.  *Id.* at 14.

17.     J. Copland also entered into a Corporate Shareholders Warranty, Acknowledgement and Guarantee, whereby he promised to personally guarantee compliance with the provisions of the distributor agreement. Appendix, p. 23.

**B.     Defendants Breach their Agreements.**

18.     Defendants in early 2015 started a website, http://www.wanderAZ.com ("WanderAZ"). The website is purportedly owned by Defendant Capital Partners Group, Inc. ("CPG") and lists Sentry and J. Copland as handling sales outside the greater Phoenix region. J. Copland is listed as head of sales for northern and southern Arizona. Appendix, p. 50. Upon information and belief, CPG is owned by C. Copland, J. Copland's wife, and she is doing business under that name while in the process of setting up the corporate entity. *Id.*, p 53-54.

19.     The WanderAZ website was built using material and content created by Travelhost, in violation of Defendants' agreements with Travelhost and in violation of Travelhost's trademarks. Appendix p. 28-40

20.     Defendants then began to position WanderAZ.com to compete with Travelhost in print as well. They began to contact Travelhost's advertisers, without Travelhost's knowledge or consent, actively promoting WanderAz.com at the expense of Travelhost. Specifically, Defendants sent a letter containing the following representations:

> On October 1, 2015, the WanderAZ website will be combined with a travel magazine by the same name. The new magazine *will absorb TRAVELHOST Phoenix's existing operations and weave its current advertisers into it.*
>
> \*          \*          \*
>
> WanderAZ wants *to control the state by increasing its in-room placement to 40,000 hotel and resort rooms* – currently TRAVELHOST has 25,000; then *expand the current distribution grid to over 400 hotel and resorts* state-wide; today TRAVELHOST services 200.
>
> \*          \*          \*

Whatever WanderAZ's ad programs, your current TRAVELHOST ad agreement will be grandfathered into WanderAZ with no rate increases. A new WanderAZ ad agreement will be sent to you for your signature.

*    *    *

Sentry Enterprises will aid in the transition…

Appendix, p. 51 (emphasis in original). The letter was on Sentry letterhead and signed by J. Copland.

Upon information and belief, such letter was sent to all of Travelhost's advertisers in the Phoenix, Arizona, area.

21.     Defendants also released a media kit, soliciting advertising from Travelhost's customers, and using Travelhost's trademark in doing so, in violation of both the distributor agreement and the Federal Trademark Act. Appendix, p. 46.

22.     Upon learning of Defendants' misdeeds, Travelhost terminated the distributorship. However, Defendants still remain bound by the noncompetition provision of the agreement.

23.     Defendants' website, www.wanderAZ.com, uses Travelhost's trademark in violation of both the distributor agreement and the Federal Trademark Act. Appendix, p. 30-39.

24.     Travelhost also recently discovered that Copland registered the trade name "Travelhost of Phoenix" with the Arizona Secretary of State. Appendix, p. 55. Such registration violates the parties' distributor agreement as well as the Federal Trademark Act.

25.     Upon information and belief, Defendant's next printed magazine is scheduled to be printed and/or distributed in mid-October, 2015. Distribution of such magazine and web content will cause irreparable harm to Travelhost and must be restrained.

IV. CAUSES OF ACTION

A.     Count I – Infringement of Trademark Registrations (15 U.S.C. § 1114).

26.     Travelhost corporations the allegations of Paragraph Nos. 1-25 as if fully set forth herein.

27.     As shown above, Defendants are using in commerce, without the consent of Travelhost, a reproduction, counterfeit or colorable imitation of Travelhost's registered trademarks identified above in connection with the sale, offering for sale, distribution and advertising of their services on, or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

28.     Copland's registration of "Travelhost of Phoenix" constitutes an additional infringement upon Travelhost's registered marks.

29.     Defendants' infringement of Travelhost's marks is causing irreparable harm to Travelhost, which will continue unless Defendants are enjoined by this Court.

**B.      Count II – Unfair Competition by Use of False and Misleading Representation (15 U.S.C. § 1125(a)(1)(A).**

30.     Travelhost corporations the allegations of Paragraph Nos. 1-29 as if fully set forth herein.

31.     The word mark TRAVELHOST is inherently distinctive.  In addition, as a result of Travelhost and its predecessor's continuous and extensive use of the TRAVELHOST trademarks for 17 years, the trademarks have come to denote Travelhost's services.

32.     Defendants' use of the name and mark TRAVELHOST constitutes use in connection with Defendants' goods and services of a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Travelhost, or as to the origin, sponsorship or approval of Defendants' services by Travelhost.

33.     Defendants' use of TRAVELHOST is likely to cause confusion amont the relevant purchasing public.  This confusion constitutes irreparable harm to Travelhost, which will continue unless Defendants are enjoined by this Court.

## C.    Count III – Breach of Contract (Sentry and J. Copland).

34.    Travelhost corporations the allegations of Paragraph Nos. 1-33 as if fully set forth herein.

35.    Travelhost, Sentry and J. Copland entered into a valid written contract on or about August 23, 2004.  Travelhost performed all of its obligations under this agreement, but Sentry and Copland have failed to perform or substantially perform their obligations thereunder.

36.    As a result of this breach, Travelhost has been damaged in a sum within the jurisdictional limits of this Court, for which it hereby sues.

37.    Travelhost also seeks recovery of its attorneys' fees in connection with this claim, pursuant to Tex. Civ. Prac. & Rem. Code 38.001 *et seq.*

## D.    Count IV – Breach of Contract (J. Copland).

38.    Travelhost incorporates the allegations of Paragraph Nos. 1-37 as if fully set forth herein.

39.    Travelhost and J. Copland entered into a valid written contract on or about August 23, 2004, whereby J. Copland agreed to guarantee the performance of Sentry pursuant to the distributor agreement.  Travelhost performed all of its obligations under this agreement, but Copland failed to perform or substantially perform his obligations thereunder.

40.    As a result of this breach, Travelhost has been damaged in a sum within the jurisdictional limits of this Court, for which it hereby sues.

41.    Travelhost also seeks recovery of its attorneys' fees in connection with this claim, pursuant to Tex. Civ. Prac. & Rem. Code 38.001 *et seq.*

## E.    Count V – Tortious Interference with Existing and Prospective Contracts and Business Relations.

42.    Travelhost incorporates the allegations of Paragraph Nos. 1-41 above as if fully set forth herein.

43.     Travelhost has existing contracts and/or had a reasonable probability of entering into contractual relationships for advertising with its existing or prospective clients.  Through the actions described above, Defendants engaged in conduct, including independently tortious and unlawful conduct that interfered with Travelhost's existing and prospective contractual relationships, thereby causing Travelhost to suffer actual harm and damage from the loss of such business and goodwill.

44.     As a direct and proximate result of such conduct, Travelhost has suffered and will continue to suffer damages in excess of the minimum jurisdictional limits of this Court, although such damages may not be readily ascertainable or measurable.

45.     Additionally, the conduct of Defendants in tortuously interfering with Travelhost's existing and prospective contractual relations was intentional, willful, wanton, malicious and without justification or excuse and was done with gross indifference to Travelhost's rights.  This conduct is the kind for which the law allows the imposition of exemplary damages.

### V. APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTIONS

46.     Travelhost incorporates by reference the allegations of Paragraph Nos. 1-45 as if fully set forth herein.

47.     As shown above, Travelhost has a probable right of recovery in this action in that Defendants are undisputedly infringing upon Travelhost's registered marks, and Defendants are currently competing with Travelhost within the area covered by the parties' noncompetition agreement (specifically, the greater Phoenix area, including Maricopa County).

48.     Travelhost is suffering, and will continue to suffer, immediate and irreparable harm to its business as a proximate result of the conduct of Defendants in that Defendants' action will destroy the market edge that Travelhost enjoys and will dilute Travelhost's registered marks.  Defendants also are impermissibly appropriating Travelhost's goodwill, which causes irreparable harm to Travelhost.

49.     As shown above, the total damages caused by Defendants' activities are not readily quantifiable or measurable and will likely be unrecoverable in that Defendants are infringing upon Travelhost's trademarks and utilizing Travelhost's goodwill.

50.     Travelhost requests that a temporary restraining order be issued, without notice to Defendants, and temporary and permanent injunctions be granted enjoining and restraining Defendants and, as applicable, their agents, servants, employees, attorneys, and those persons in active concert or participation with them, from temporarily and permanently:

1.      competing, directly or indirectly, in print or in electronic form, with Travelhost in the Phoenix, Arizona, metropolitan area, including Maricopa County;

2.      using the name and mark TRAVELHOST, or any other name or mark confusingly similar to TRAVELHOST (including TRAVELHOST of Phoenix), or any copy or colorable imitation of any of the TRAVELHOST marks, in connection with the sale, advertising or promotion of any travel magazine, both print and electronic, or any travel advertisements;

3.      using in commerce the name and mark TRAVELHOST or any other word, term, name, symbol or device, or any combination thereof, or any false designation of original, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection or association of Defendants with Travelhost, or as to the origin, sponsorship or approval of Defendants' goods, service or commercial activities by Travelhost;

4.      interfering with advertising contracts for ads to be published in Travelhost's magazine; and

5.      altering, deleting, removing or writing over in any respect any documents, computer files (including, but not limited to, emails, hard drives, disc drives, zip drives), data drafts or other things relating in any way to Travelhost, until such time as those materials may be turned over in discovery or until further order of the Court.

6.      In the event in the event that Defendants have distributed a competing travel magazine in October 2015 in the Phoenix, Arizona, metropolitan area, including Maricopa County, that Defendants be ordered to recall all such magazines in the restricted area and not redistribute them during the pendency of this lawsuit.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Travelhost Networks, LLC prays that the Court:

i.      Issue a temporary restraining order restraining Defendants as requested herein;

ii.     Cite Defendants to appear and show cause, and that on such hearing, issue a temporary injunction restraining Defendants as requested herein;

iii.    Order a permanent injunction upon final trial of this cause enjoining Defendants as requested herein;

iv.     Order Defendants to file with this Court and serve on Travelhost, within thirty (30) days after the service on Defendants of the injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendants have complied with the injunction;

v.      Order Defendants to deliver for destruction any and all labels, signs, prints, packages, wrappers, receptacles, magazines and advertising in Defendants' possession bearing the TRAVELHOST name and mark;

vi.  Award Travelhost any damages sustained and the costs of this action, pursuant to 15
U.S.C. § 1117(a)

vii.  Award Travelhost Defendants' profits resulting from its acts of infringement in order
to redress Defendants' unjust enrichment and to deter their infringement of the
TRAVELHOST marks. *See* 15 U.S.C. § 1117(a).

viii.  Award Travelhost its attorneys' fees pursuant to 15 U.S.C. § 1117(a) and

ix.  Render judgment against Defendants for pre-judgment and post-judgment interest,
reasonable attorney's fees and expenses, costs of suit, and other relief that the Court
deems appropriate.

x.  Award Travelhost such further relief, legal or equitable, that this Court finds just and
proper.

Respectfully submitted,

FERGUSON, BRASWELL & FRASER, P.C.

By:  /s/ Danise A. McMahon
     John D. Fraser
     State Bar No. 07393550
     Danise A. McMahon
     State Bar No. 00796148

2500 Dallas Parkway, Suite 501
Plano, Texas 75093
Phone: 972-378-9111
Facsimile: 972-378-9115
E-Mail: jfraser@dallasbusinesslaw.com
E-Mail: dmcmahon@dallasbusinesslaw.com

**ATTORNEYS FOR PLAINTIFF**

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Travelhost Networks, LLC | Sentry Enterprises, Inc. et al |

| (b) County of Residence of First Listed Plaintiff    Dallas | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| John D. Fraser/ Danise A. McMahon, Ferguson, Braswell & Fraser, PC 2500 Dallas Parkway, Suite 501, Plano, TX 75093 -   972-378-9111 E-Mail: jfraser@dallasbusinesslaw.com | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☐ 3   Federal Question *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| | | Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | Injury Product Liability | | ☐ 840 Trademark | Corrupt Organizations |
| | ☐ 340 Marine | | | | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product | | | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☒ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | Act |
| | Medical Malpractice | | Leave Act | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Trademark Infringement, Breach of Contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
10/16/2015

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____