IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAVELHOST NETWORKS LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:15-CV-03358-N |
| | § | |
| v. | § | |
| | § | |
| SENTRY ENTERPRISES INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **TEMPORARY RESTRRAINING ORDER**

This Order addresses Plaintiff Travelhost Networks LLC's ("Travelhost Networks") motion for a temporary restraining order [10]. The Court GRANTS Travelhost Networks's motion for a temporary restraining order against Defendants Sentry Enterprises Inc., James Copland, Catherine Copland, and Capital Partners Group Inc. (collectively, "Sentry Enterprises").

### I. ORIGINS OF THE DISPUTE[1]

Travelhost Networks produces a travel magazine, called Travelhost, which enjoys wide distribution to hotels across the country. Travelhost Networks has not always owned the rights to Travelhost: in 2014 it purchased the assets of Travelhost, Inc. As part of the sale, Travelhost Networks assumed all of Travelhost, Inc.'s contracts and acquired the following registered trademarks:

---

[1]The Court makes these fact findings based on the limited paper record presently before the Court. They are subject to change when the factual record is more fully developed.

ORDER – 1

| Mark | Serial/Registration Number | Goods/Services |
|---|---|---|
| TRAVELHOST | 74078407 / 1650722 | travel services |
| TH logo | 73565376 / 1454642 | electronic services |
| TRAVELHOST drawing | 73569206 / 1540763 | advertising services |

Travelhost Networks and its predecessor, Travelhost, Inc., and their licensees have used the trademark TRAVELHOST and the TH logo continuously since 1989 and the TRAVELHOST drawing since 1991. Over time, the mark TRAVELHOST has gained significant popularity and goodwill among consumers and vendors who advertise in travel magazines. Travelhost Networks's business model is to enter into distributor agreements that require distributors to buy a set amount of magazines each month in exchange for the right to sell a certain amount of local advertising and the ability to sell or distribute the Travelhost magazine – which uses Travelhost Networks's registered trademarks. Through distributor agreements, Travelhost Networks grants licenses to distributors to use Travelhost Networks's marks in connection with their efforts to sell advertising for the magazine.

Defendants James Copland and Sentry Enterprises, Inc. entered into a Distributor Agreement (the "Agreement") with Travelhost, Inc. in 2004. Travelhost Networks assumed the Agreement when it purchased the assets of Travelhost, Inc. The Agreement contains a noncompetition provision, which states: "Distributor agrees that it will not engage in a similar business or one competitive with Publisher within its Designated Area during the term of this Agreement or within two (2) years after termination of this agreement."

ORDER – 2

Furthermore, in the Agreement, Defendants J. Copland and Sentry Enterprises, Inc. acknowledge that the trademarks are valid and they warrant they will not host or sponsor any internet website that uses materials, advertisements, or information that contains any reference to the TRAVELHOST trademark or TH logo.  They also agree to use the marks solely in connection with their activities directly related and incident to the promotion and distribution of Travelhost Networks's magazine.

In early 2015, Sentry Enterprises launched a website, http://www.wanderAZ.com ("WanderAZ").  Defendant Capital Partners Group, Inc. ("CPG") owns the website. Catherine Copland, James Copland's wife, owns CPG.  CPG and Catherine Copland are acting in active concert with James Copland.  Travelhost Networks alleges Sentry Enterprises built the website using material and content created by Travelhost Inc., in violation of Sentry Enterprises's agreement with Travelhost Networks and in violation of Travelhost Networks's trademark rights.  Sentry Enterprises positioned WanderAZ to compete with Travelhost Networks in print.

Sentry Enterprises contacted Travelhost Networks's advertisers without its knowledge or consent, actively promoting its website and print magazines at Travelhost Networks's expense and in violation of the Agreement.  Specifically, Sentry Enterprises sent a letter containing the following representations to all of its advertisers in the Phoenix, Arizona area:

> On October 1, 2015, the WanderAZ website will be combined with a travel magazine by the same name.  The new magazine will absorb TRAVELHOST Phoenix's existing operations and weave its current advertisers into it.
>
> WanderAZ wants to control the state by increasing its in-room placement to 40,000 hotel and resort rooms – currently TRAVELHOST has 25,000; then expand the

ORDER – 3

current distribution grid to over 400 hotel and resorts state-wide; today TRAVELHOST services 200.

Whatever WanderAZ's ad programs, your current TRAVELHOST ad agreement will be grandfathered into WanderAZ with no rate increases. A new WanderAZ ad agreement will be sent to you for your signature.

The letter was on Sentry letterhead and James Copland signed it.

Not only did Sentry Enterprises send the letter, it also released a media kit, soliciting advertising from Travelhost Networks's customers – and utilizing Travelhost Networks's trademark in the process. James Copland registered the trade name "Travelhost of Phoenix" with the Arizona Secretary of State. Finally, the WanderAZ website at one time used Travelhost Networks's trademark.

Travelhost Networks has received at least one call from a confused advertiser who did not know to whom it should remit payment.

## II. THE COURT GRANTS THE MOTION FOR THE TEMPORARY RESTRAINING ORDER

To obtain a temporary restraining order or a preliminary injunction, a plaintiff must establish the following:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *see also Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). Travelhost Networks bears the burden of establishing each element. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009). Although granting a temporary restraining order, like a preliminary injunction, is an extraordinary remedy, the Court

ORDER – 4

concludes Travelhost Networks has "clearly carried [its] burden of persuasion on all four requirements." *Id.* (citations and internal punctuation omitted).

### *A. Travelhost Networks Is Substantially Likely to Succeed on the Merits*

The Court concludes Travelhost Networks is substantially likely to succeed on the merits of its trademark infringement claim. To prove its claim for trademark infringement under § 32(1) of the Lanham Act, Travelhost Networks must prove: (1) that it owns a protectable mark, and (2) that Sentry Enterprises's usage of the mark is likely to cause confusion. 15 U.S.C. § 1114(1); *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235–36 (5th Cir. 2010).

With regards to the first requirement of a trademark infringement claim, Sentry Enterprises contends Travelhost Networks is unlikely to succeed on the merits because, at least at the time of the filing of the temporary restraining order, Travelhost Networks failed to prove with documentation that it purchased Travelhost Inc.'s trademark rights. It further argued that because Travelhost failed to produce this documentation, Travelhost Networks is without standing to bring this action against it. Finally, Sentry Enterprises argued that the trademark number provided by Travelhost Networks does not cover advertising services, but only the sale of watches. None of these arguments persuades the Court.

While it is true Travelhost Networks did include the actual trademark assignment in its initial papers, Travelhost Networks alleged that it purchased the trademark rights from Travelhost Inc. Furthermore, Travelhost Networks produced the verifying documentation in the appendix to its Reply brief. Because Travelhost Networks produced the information,

Sentry Enterprises's standing argument also fails. Accordingly, the Court concludes Travelhost Networks satisfies the first requirement.

With regards to the second requirement of a trade mark infringement claim – that Sentry Enterprises's use of the trademarks will cause confusion – Sentry Enterprises argues Travelhost Networks is unlikely to succeed on the merits because, at least at the time it filed its initial motion, Travelhost Networks failed to produce any evidence of actual confusion. This argument also fails to persuade the Court. Sentry Enterprises utilized Travelhost Networks's trademarks on its website. Although Sentry Enterprises has subsequently scrubbed its website of references to Travelhost Networks's trademarks, Sentry Enterprises could easily put the references to the trademarks back onto the website. Furthermore, James Copland registered the confusingly similar trade name "Travelhost of Phoenix" with the Arizona Secretary of State. Finally, Sentry Enterprises utilized Travelhost Networks's trademarks when it distributed a media kit to Travelhost Networks's advertisers. Even if Travelhost Networks failed to demonstrate any evidence of actual confusion at this early stage in the litigation, the Court would conclude that Travelhost Networks has shown likelihood of confusion. Furthermore, Travelhost Networks alleged in its Reply brief that at least one of Travelhost Networks's advertisers contacted Travelhost Networks because it did not know if it should remit payment to Sentry Enterprises or to Travelhost Networks.

The Court concludes that Travelhost Networks is also substantially likely to succeed on its breach of contract claims. After analyzing the noncompetition clause in the Agreement, the Court concludes it is enforceable, both as to Sentry Enterprises, Inc. and as

to James Copland. While CPG and Catherine Copland are not parties to the Agreement, the Court concludes Travelhost Networks is likely to succeed on the merits anyway because Catherine Copland is James Copland's wife and is acting in active concert with him. Furthermore, the Court takes judicial notice of James Copland's LinkedIn profile, which states: "Today, I am assisting the Capital Partners Group Inc. (who acquired the past assets of Travelhost's Phoenix operations from Sentry) who has shipped a new Travel-Lifestyle magazine called WanderAZ in conjunction with its dynamic web portal called WanderAZ.com." Jamie Copland, LinkedIn, https://www.linkedin.com/in/jamie-copland-21b11957 (last visited November 18, 2015).[2] For purposes of this Order, the Court finds that the duration and geographic scope of the noncompetition clause are reasonable.

### B. Sentry Enterprises's Misconduct Will Irreparably Harm Travelhost Networks

Under Texas law, diluting goodwill by violating a noncompetition clause in a contract constitutes irreparable harm. *See Travelhost, Inc. v. Brady*, 2012 WL 555191, at *5 (N.D. Tex. Feb. 1, 2012) ("In Texas, injury resulting from the breach of non-compete covenants is the epitome of irreparable injury, so enforcement appears to be the rule rather than the exception."). Sentry Enterprises's argument that its alleged misconduct could not irreparably

---

[2]Because the Court has concluded Travelhost Networks is substantially likely to succeed on both its trademark infringement and breach of contract claims and because these claims are sufficient to allow the court to grant the temporary restraining order, the Court does not analyze Travelhost Networks's tortious interference with an existing contract claim.

ORDER – 7

harm Travelhost Networks because Sentry Enterprises believes it could calculate Travelhost Networks's damages fails to persuade the Court. Simply providing Travelhost Networks with any lost profits will not compensate Travelhost Networks for the loss of goodwill. Accordingly, the Court concludes Sentry Enterprises's misconduct will irreparably harm Travelhost Networks, which satisfies the second prong of the test for issuing a temporary restraining order. The Court further concludes this irreparable harm to Travelhost Networks outweighs any harm to Sentry Enterprises that would result by the Court's granting of the temporary restraining order. Thus, Travelhost Networks has satisfied the third prong of the test for a temporary restraining order.

### *C. Granting the Temporary Restraining Order Will Not Disserve the Public Interest*

The Court concludes granting the temporary restraining order will not disserve the public interest. Sentry Enterprises's arguments in favor of free competition fail to persuade the Court. The public has an interest in enforcing noncompetition clauses and trademarks. This interest outweighs the public's interests in pure free competition. *See, e.g.*, *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 680 (Tex. 1990) ("These same considerations and others have led virtually every court that has addressed the question of whether enforcement of noncompetition agreements is a matter of fundamental or important state policy to answer affirmatively.").

### *D. There Was No Inexcusable Delay*

Finally, the Court concludes there was no inexcusable delay. Travelhost Networks discovered James Copland's letter in which he announced CPG's plans to absorb Travelhost

in late September, 2015. Travelhost Networks filed this action on October 10, 2015. Travelhost alleges that until it discovered the letter, it was unaware of Sentry Enterprises's other alleged misconduct. Once it discovered the alleged misconduct, Travelhost Networks acted timely to protect its rights.

## CONCLUSION

It is, therefore, ordered that Defendants Sentry Enterprises Inc., James Copland, Catherine Copland, and Capital Partners Group Inc., their officers, agents and employees, and any others acting in active concert with any of them, are temporarily restrained from:

1. competing, directly or indirectly, in print or in electronic form, with Travelhost Networks in the Phoenix, Arizona, metropolitan area, including Maricopa County;

2. using the name and mark TRAVELHOST, or any other name or mark confusingly similar to TRAVELHOST (including TRAVELHOST of Phoenix), or any copy or colorable imitation of any of the TRAVELHOST marks, in connection with the sale, advertising, or promotion of any travel magazine, both print and electronic, or any travel advertisements; and

3. using in commerce the name and mark TRAVELHOST or any other word, term, name, symbol or device, or any combination thereof, or any false designation of original, false, or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of Defendants with Travelhost Networks, or as to the origin,

sponsorship, or approval of Defendants' goods, services, or commercial activities by Travelhost Networks.

It is further ordered that this temporary restraining order does not take effect until Travelhost Networks posts a $25,000 bond or cash security.

It is further ordered that hearing on Travelhost Networks's application for preliminary injunction is set for hearing December 2, 2015 at 4:00 p.m.

It is further ordered that this temporary restraining order will expire at midnight December 2, 2015 unless extended by further order of the Court.

Signed November 18, 2015.

_____
David C. Godbey
United States District Judge

ORDER – 10